An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS KEITH WRIGHT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62517

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a motion to modify sentence.[1] Eighth Judicial District Court, Clark County; David B. Barker, Judge.

In his motion filed on December 13, 2012, appellant challenged his habitual criminal adjudication. Appellant failed to demonstrate that the district court relied on mistaken assumptions regarding his criminal record that worked to his extreme detriment. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Appellant further failed to demonstrate that his sentence was facially illegal or that the district court lacked jurisdiction. *See id.* We therefore conclude that

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21651

the district court did not err in denying appellant's motion. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. David B. Barker, District Judge
       Thomas Keith Wright
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.